IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIRST MERCURY INSURANCE COMPANY,

    Plaintiff,

vs.                                                                    Civ. No. 12-1057 JP/CEG

MRCO, INC., BAC ENTERPRISES, INC.,
BAC-MRCO JOINT VENTURE, and
BILL SATTERFIELD,

    Defendants.

MEMORANDUM OPINION AND ORDER STAYING CASE

This federal lawsuit arises from 704 HTL Operating, LLC, d/b/a MCM Elegante Albuquerque Hotel's (Hotel) March 20, 2012 state lawsuit in which the Hotel alleges that its new roof installed in February 2007 is defective and leaks. Defendants BAC Enterprises, Inc. (BAC) and MRCO, Inc. (MRCO) entered into a Joint Venture Agreement in August 2006 to create Defendant BAC-MRCO Joint Venture (Joint Venture) for the purpose of contracting for construction of the new roof at the Hotel. Defendant Bill Satterfield is the president of BAC and was the agent for the Joint Venture. These Defendants are also defendants in the state lawsuit. U.S. Ply, Inc. (U.S. Ply), a defendant in the state lawsuit, manufactured "heat-weld modified torchdown granulated" roofing material for the re-roofing project and provided the Hotel with a 15 year warranty on the material. COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 1) (Complaint) at ¶ 11. Plaintiff First Mercury Insurance Company (First Mercury) issued to MRCO three commercial general liability insurance policies for coverage related to the re-roofing project. First Mercury is not a party in the underlying state lawsuit.

Defendants BAC and Satterfield (collectively, the BAC Defendants) now move to dismiss or stay the federal case. *See* MOTION TO DISMISS OR TO STAY AND SUPPORTING MEMORANDUM (Doc. No. 5) (Motion to Dismiss or Stay), filed Nov. 21, 2012. The BAC Defendants argue that (1) the federal lawsuit should be dismissed without prejudice under Fed. R. Civ. P. 12(b)(7) for failure to join the Hotel and U.S. Ply as necessary and indispensable parties; (2) the federal lawsuit should be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; (3) the federal lawsuit should be dismissed without prejudice under Fed. R. Civ. P. 12(b)(3) for improper venue; and (4), in the alternative, the federal lawsuit should be stayed pending the final resolution of the state case. First Mercury opposes the Motion to Dismiss or Stay. *See* FIRST MERCURY INSURANCE COMPANY'S RESPONSE AND BRIEF IN OPPOSITION TO BAC INTERPRISES, INC. AND BILL SATTERFIELD'S MOTION TO DISMISS OR STAY (Doc. No. 12), filed Dec. 5, 2012.  On December 17, 2012, the BAC Defendants filed a REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR TO STAY (Doc. No. 22) (Reply).

A. *Background*

   1. *Factual Allegations*

The Hotel began to detect leaks in late December 2010 and notified U.S. Ply of the problems.  In response to the Hotel's complaint, U.S. Ply made some repairs to the roof in the middle of 2011.  The Hotel, however, continued to detect leaks.  The Hotel notified Defendants and U.S. Ply of further leaks in November 2011.  Defendants and U.S. Ply did nothing more to correct the problem with leaks.  Consequently, on March 20, 2012, the Hotel filed its state lawsuit against BAC, MRCO, the Joint Venture, Satterfield, and U.S. Ply for compensatory and punitive damages.  The Hotel's claims include negligence, negligence *per se*, breach of contract,

breach of an express warranty, breach of an implied warranty of merchantability, violation of the Unfair Trade Practices Act, *prima facie* tort and intentional tort, fraud, and intentional or negligent misrepresentation.

On September 4, 2012, the BAC Defendants filed cross-claims in the state lawsuit against MRCO for breach of the Joint Venture Agreement "by failing to provide commercial general liability coverage for the joint venture and including BAC Enterprises, Inc. as an additional insured" and "by failing to defend and indemnify" the BAC Defendants from the Hotel's claims against them.  Ex. 1, AMENDED ANSWER OF BAC ENTERPRISES, INC. AND BILL SATTERFIELD TO FIRST AMENDED COMPLALINT AND CROSS-CLAIMS AGAINST MRCO, INC. (Doc. No. 24-1) at 16, ¶¶ 9 and 10.  The BAC Defendants contend that under the Joint Venture Agreement MRCO was obligated to obtain a general liability insurance policy and to name BAC as an additional insured in that policy.  *Id*. at 15, ¶¶ 5 and 6. MRCO raised affirmative defenses to the cross-claims including that it either "met all its obligations under the Joint Venture" or "made substantial performance of its obligations," i.e., that MRCO provided the required commercial general liability coverage for the BAC Defendants.  Ex. 2, DEFENDANT MRCO, INC.'S ANSWER TO BAC ENTERPRISES' CROSS-CLAIM FOR BREACH OF CONTRACT (Doc. No. 24-2) at 3.  MRCO also asserted that "[i]f there was a failure to defend, it was caused by" First Mercury.  *Id*. First Mercury is currently defending the BAC Defendants and MRCO in the state lawsuit under a reservation of rights.  Furthermore, U.S. Ply has apparently asserted cross-claims against the BAC Defendants.  Motion to Dismiss or Stay at 3.

*2. The Federal Complaint*

First Mercury now seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that it is not obligated to defend or indemnify any of the Defendants under MRCO's commercial general liability policies. Initially, First Mercury alleges that the policies do not apply to the BAC Defendants and the Joint Venture because they are not named as insureds in the policies. Complaint at ¶¶ 18-20. First Mercury also alleges that the BAC Defendants are not additional insureds under the policies because "MRCO's contractual obligation to obtain additional insured coverage for BAC and/or Satterfield concluded upon the dissolution of the Joint Venture." *Id*. at ¶ 24. Next, First Mercury maintains that the Continuous or Progressive Injury and Damage Exclusion in the policies precludes coverage for Defendants. *Id*. at ¶¶ 26-28. First Mercury further asserts that any damages for fraud, intentional tort, intentional misrepresentation, and deceptive trade practices were not caused by "occurrences" subject to coverage. *Id*. at ¶¶ 29-33. Additionally, First Mercury alleges that if Defendants must "disgorge contract proceeds" to the Hotel, the Court should declare that such a payment does not constitute damages subject to coverage under the policies. *Id*. at ¶ 34. First Mercury also maintains that if Defendants are liable to the Hotel for "punitive, exemplary or multiplied damages," the Court should declare that such a "liability is not insurable under the First Mercury Policies as a matter of public policy." *Id*. at ¶ 35. Moreover, First Mercury contends that the Damage to Your Work Exclusion bars coverage for the cost of repairing or replacing the Hotel's roof. *Id*. at ¶¶ 36-38. Finally, First Mercury maintains that the policies' mold, fungi or bacteria exclusion, likewise, bars coverage. *Id*. at ¶¶ 39-40.

*B. Discussion*

    *1. Motion to Dismiss Under Rule 12(b)(7)*

Rule 12(b)(7) allows a party to assert, by motion, the defense of "failure to join a party under Rule 19…." Fed. R. Civ. P. 19(b) provides that a lawsuit can be dismissed for failure to join a required or necessary party who cannot feasibly be joined as a party to the lawsuit. The Tenth Circuit Court of Appeals has determined that Fed. R. Civ. P. 19(b) consists of three parts:

> [f]irst, the court must find that a prospective party is 'required to be joined' under Rule 19(a). Second, the court must determine that the required party cannot feasibly be joined. Then the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot 'in equity and good conscience' proceed in that person's absence.

*Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278-79 (10th Cir. 2012). The BAC Defendants, as the moving parties, have the burden of persuading the Court that dismissal under Rule 19(b) is appropriate. *Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94 F.3d 1407, 1411 (10th Cir. 1996). This burden of persuasion "can be satisfied by providing 'affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence.'" *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (citation omitted).

Interestingly, the BAC Defendants argue that the Hotel and U.S. Ply are required parties, but fail to argue that the Hotel and U.S. Ply cannot feasibly be joined as parties. Only in their Reply do the BAC Defendants attempt to argue that the Hotel and U.S. Ply are so important to the federal lawsuit that "equity and good conscience" dictate that the lawsuit should not proceed without them as parties. Reply at 4-5. The Court is tempted to strike the "in equity and good conscience" argument because the BAC Defendants untimely raised that argument for the first time in their Reply. *See United States v. Wayne*, 591 F.3d 1326, 1334 n.6 (10th Cir. 2010);

5

*United States v. Heags*, 2011 WL 2968821 *3 (D. Kan.) (quoting *Wagher v. Guy's Foods, Inc.*, 765 F.Supp. 667, 671 (D.Kan. 1991)).  However, even if the Court does not strike this late argument, the BAC Defendants have failed to show that it is not feasible to join the Hotel and U.S. Ply as parties.  Since the BAC Defendants have not persuaded the Court that they have met the second part of Rule 19(b), the Court concludes that this lawsuit is not subject to dismissal under Rule 12(b)(7).

*2. Motions to Dismiss under Rules 12(b)(1) and 12(b)(3)*

The BAC Defendants also argue that this case should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  The BAC Defendants contend that this Court should, in its discretion, decline to exercise its jurisdiction under the Declaratory Judgment Act.  First Mercury, as the party invoking declaratory judgment jurisdiction, has the burden of showing that this Court should exercise declaratory judgment jurisdiction.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). The Court is not sure, on the other hand, why the BAC Defendants also move to dismiss this case under Rule 12(b)(3) for improper venue; the BAC Defendants never argue for dismissal under that Rule.  *See* D.N.M. LR-Cv 7.3 (motions must contain citations to legal authority and evidence in support of factual allegations). Consequently, the Court will not consider a Rule 12(b)(3) motion to dismiss, but will instead focus on the BAC Defendants' Rule 12(b)(1) arguments.

The Declaratory Judgment Act confers on courts the power to hear declaratory judgment claims.  *Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 980 (10th Cir. 2012).  The Declaratory Judgment Act does not, however, require courts to hear declaratory judgment claims.  *Id*.  The Tenth Circuit addressed the issue of when a federal court should decline to exercise declaratory judgment jurisdiction in *State Farm Fire & Cas. Co. v.*

6

*Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994), a federal declaratory judgment action involving insurance coverage and a state action concerning underlying tort liability. The Tenth Circuit compiled five factors, known as the *Mhoon* factors, for a court to consider in deciding whether to exercise its jurisdiction under the Declaratory Judgment Act.  Those factors are:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mid-Continent Cas. Co.*, 685 F.3d at 980-81 (quoting *Mhoon*, 31 F.3d at 983 (quotations omitted)).

>    *a. Mhoon Factors 1 and 2:  Whether a Declaratory Action Would Settle the Controversy and Whether It Would Serve a Useful Purpose in Clarifying the Legal Relations at Issue*

The Tenth Circuit has noted that for a party to meet *Mhoon* Factors 1 and 2 "some degree of similarity" between the declaratory judgment action and the state proceeding should be present, or else the "federal declaratory judgment will likely not settle the controversy between the parties, nor would it clarify all the legal relations at issue.  These remain, however, only factors in the analysis; they are not determinative." *United States of America v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002).  Moreover, courts should keep in mind that *Mhoon* Factors 1 and 2 are "designed to shed light on the overall question of whether the controversy would be better settled in state court." *Id*. at 1187.  For example, declining declaratory judgment jurisdiction would be favored in order to avoid piecemeal litigation and to provide a unified proceeding in which to resolve the controversy.  *Id*.  In other words, "[e]specially relevant may be whether the state court action would necessarily resolve the issues in the declaratory judgment action." *Mid -Continent Cas. Co.*, 685 F.3d at 982.

7

Here, the Defendants are parties in both the state and federal lawsuits. In addition, the BAC Defendants' state cross-claims, MRCO's affirmative defenses, and First Mercury's claims share common and intertwining issues, i.e., whether the BAC Defendants are additional insureds and, if they are additional insureds, whether the policies provide the BAC Defendants a right to indemnification and a right to a defense. Aside from the fact that both the state and federal lawsuits will directly affect the BAC Defendants in a similar manner, a state court resolution of the BAC Defendants' cross-claims and MRCO's affirmative defenses could potentially impact the coverage issues affecting the other Defendants in this lawsuit. For example, if the state court determines that the policies provided by MRCO, i.e., the First Mercury policies, include BAC Defendants as additional insureds, then the state court must decide if MRCO breached the Joint Venture Agreement by failing to defend and indemnify the BAC Defendants. This decision involves deciding coverage issues which more likely than not coincide with the coverage issues raised in this lawsuit with respect to all Defendants. The totality of these circumstances show "some degree of similarity" between the state lawsuit and this one. The state court is also in a better position than this Court to rule on state insurance contract issues. *See, e.g., Mid-Continent Cas. Co.*, 685 F.3d at 986. Additionally, allowing two courts to rule on some of the same issues will result in undesirable piecemeal litigation and a waste of judicial resources. For all of these reasons, the Court concludes that this declaratory judgment action would not settle the coverage issues and it would not serve a useful purpose in clarifying the legal relations at issue. The first two *Mhoon* factors do not favor the Court's exercise of declaratory judgment jurisdiction in this case.

> *b. Mhoon Factor 3:  Whether the Declaratory Remedy is Being Used for the Purpose of Procedural Fencing or to Provide an Arena for a Race to Res Judicata*

Procedural fencing usually "involve[s] questionable actions on the part of the party seeking a declaratory judgment." *Mid-Continent Cas. Co.*, 685 F.3d at 984 (quoting *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995)).  The BAC Defendants seem to argue that First Mercury's decision to bring a separate federal declaratory judgment action instead of intervening in the state lawsuit is somehow "questionable."   As a plaintiff, First Mercury has the right to file a separate lawsuit in the forum of its choice. The fact that First Mercury filed its lawsuit about a month and a half after the BAC Defendants filed their cross-claims in state court is not all that "questionable" because First Mercury also seeks a declaratory judgment as to Defendants MRCO and the Joint Venture.  Although the outcome of the state cross-claims may affect First Mercury's claims against Defendants MRCO and Joint Venture, there is no indication that First Mercury's actions amounted to such "questionable" behavior that First Mercury's actions should serve as a basis for declining declaratory judgment jurisdiction. There is also no indication that First Mercury filed this lawsuit in order to provide an arena for a race to *res judicata*.  Factor 3 of the *Mhoon* factors does not support a decision to decline exercise of declaratory judgment jurisdiction.

> *c. Mhoon Factor 4: Whether Use of a Declaratory Action Would Increase Friction Between our Federal and State Courts and Improperly Encroach Upon State Jurisdiction*

No doubt, a state court is in a better position to determine a matter of state law, like the interpretation of insurance contracts, than a federal court. *See, e.g., Mid-Continent Cas. Co*., 685 F.3d at 986.  In fact, New Mexico courts have indicated that insurance coverage issues should be litigated in the underlying tort case. *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 620,

642 P.2d 604, 606 (1982).  Interference with a state proceeding is also generally evidence that a federal declaratory judgment action would increase friction between the two courts and improperly encroach upon the state court's jurisdiction.  *City of Las Cruces*, 289 F.3d at 1190-91.

First Mercury argues that in *Mhoon* the Tenth Circuit was faced with a potential friction between the federal and state court because a critical factual question of intent was before both courts.  First Mercury asserts that the Tenth Circuit necessarily did not find friction in *Moohn* when it concluded that the district court did not abuse its discretion in retaining declaratory judgment jurisdiction. *Mhoon*, 31 F.3d at 983-84.  *Mhoon*, however, is distinguishable from this lawsuit because, unlike this case, no issue of insurance coverage was before the state court.  *Id.* at 981. Moreover, the Tenth Circuit in *Mhoon* noted that neither party had suggested that the insurance company could have been a party to the state action.  *Id.* at 984. Here, the BAC Defendants have asserted that First Mercury could have intervened in the state action with respect to the cross-claims.  Also, the insurance coverage issue in *Mhoon* was not complicated, unlike the various insurance coverage issues in this case.  *Id*.

First Mercury also compares this case to *Hartford Fire Ins. Co. v. Gandy Dancer, LLC*, 2011 WL 1336523 (D.N.M. 2011) (unpublished decision), a case from this District Court.  In *Gandy*, the Court found that the underlying New Mexico state tort action was distinct from the federal declaratory judgment action and its insurance coverage issues.  *Id*. at *12.  Consequently, the Court in *Gandy* retained declaratory judgment jurisdiction despite the New Mexico preference for litigating insurance coverage issues in the underlying state tort action. This case is easily distinguishable from *Gandy* because, unlike the state case here, the state action in *Gandy* did not have insurance coverage issues.

10

Because there are similar insurance coverage issues in both the state case and the federal case, any ruling by this Court on those issues would necessarily interfere with the state proceedings on those same issues. In any event, the state court is in a better position to rule on state claims based on insurance contract interpretation. Hence, retaining declaratory judgment jurisdiction would cause friction between the two courts and the declaratory judgment action would unduly encroach on the state court's jurisdiction. *Mhoon* Factor 4, therefore, favors abstention from federal declaratory judgment jurisdiction.

> d. Mhoon Factor 5:  Whether There is an Alternative Remedy Which is Better or More Effective

First Mercury argues that the state court would not provide a better or more effective remedy for its coverage claims because (1) First Mercury is not a party to that lawsuit; (2) the state case would be bifurcated to decide the liability issues before deciding any coverage issues, *Martinez v. Reid*, 2002-NMSC-015 ¶ 1, 132 N.M. 237; and (3) the duty to defend issue should be determined without undue delay, *Mhoon*, 31 F.3d at 984. As the BAC Defendants contend, First Mercury could intervene in the state court case to ensure its claims are heard in that forum, which is the preferred course of action in New Mexico. However, even if First Mercury does not intervene in the state action, many of First Mercury's claims will be heard when the state court rules on the BAC Defendants' cross-claims and MRCO's affirmative defenses. To allay First Mercury's fears that the state court may not hear all of its claims when it decides the BAC Defendants' cross-claims and MRCO's affirmative defenses, the Court can stay this lawsuit pending the final outcome of the state court case so that First Mercury retains any outstanding claims in this Court. In addition, the Court agrees with New Mexico law that bifurcation of liability and coverage issues is an appropriate course of action because bifurcation tends to save judicial resources. The Court, on the other hand, acknowledges that the issue of the duty to

defend should be decided in a timely manner.  The duty to defend issue, with respect to the BAC Defendants, is already before the state court and its resolution could also affect whether First Mercury has a duty to defend MRCO and the Joint Venture.  The Court trusts that the state court, with its vast experience in deciding insurance contract matters, will decide the duty to defend issues in a reasonably timely manner. Moreover, First Mercury's concern about a timely disposition of the duty to defend seems somewhat disingenuous considering that (1) First Mercury waited approximately seven months after the Hotel filed its lawsuit before raising duty to defend issues in this lawsuit, and (2) First Mercury is already providing a defense to the BAC Defendants and MRCO, albeit under a reservation of rights.  Having concluded that the majority of the *Mhoon* factors favor an abstention from declaratory judgment jurisdiction, the Court accordingly determines that the state court would provide a more effective remedy than this court.  *See Mid -Continent Cas. Co.*, 685 F.3d at 986*.*  In sum, the Court determines that First Mercury has failed to carry its burden of demonstrating that this Court should retain declaratory judgment jurisdiction.  The Court will, therefore, exercise its discretion in declining to accept declaratory judgment jurisdiction.

   *3. Whether to Stay This Lawsuit*

   A stay is the preferred remedy in this kind of situation.  *City of Las Cruces*, 289 F.3d at 1192.  As the Tenth Circuit stated in *City of Las Cruces*:

> A stay would allow the district court to quickly reconsider whether the state forum remains the best in which to hear the federal parties' claims should the court's predictions regarding the scope of the state proceedings turn out to be erroneous.  Additionally, a stay may be appropriate if the district court determines that there exists a significant possibility of delay or other procedural inadequacy in the state proceedings.  Moreover, the Supreme Court has noted that a stay may be the preferred remedy if the application of a time bar could prevent a dismissed federal action from being refiled.

*Id.* (citations omitted).  For these very reasons, the Court determines that a stay is appropriate in this case.  Consequently, the Court will stay this case pending a final outcome of the state lawsuit.  First Mercury will notify the Court and opposing counsel, in writing, when the state court finally disposes of the case and what, if any, actions this Court should take in this case.

IT IS ORDERED that the BAC Defendants' MOTION TO DISMISS OR TO STAY AND SUPPORTING MEMORANDUM (Doc. No. 5) is granted in that:

1. this case is stayed pending the final outcome of the underlying state lawsuit; and

2. First Mercury will notify the Court and opposing counsel, in writing, when the state court finally disposes of the state lawsuit and what, if any, actions this Court should then take in this case.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE